UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA VENNER,

                Plaintiff,

- against -

THE CITY OF NEW YORK, OFFICER
MILLER, and OFFICER KRMOYAN,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/06/2017

**ORDER**

16 Civ. 5634 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

    Pro se Plaintiff Patricia Venner commenced this action on July 14, 2016, alleging that Defendants violated her constitutional rights in connection with her September 14, 2013 arrest. (Dkt. No. 2)

    In order to respond to the Amended Complaint, Defendants ask that Plaintiff execute a "Designation of Agent for Access to Sealed Records Pursuant to N.Y.C.P.L. §§ 160.50 and 160.55," which would permit Defendants to access sealed records concerning Plaintiff's arrest. (June 30, 2017 Def. Ltr. (Dkt. No. 15) at 1) Defendants contend that Plaintiff's action has placed those sealed records directly at issue and that without access to those records Defendants "cannot properly defend themselves against [P]laintiff's allegations." (July 27, 2017 Def. Ltr. (Dkt. No. 20) at 2)

    On May 2, 2017, Defendants sent Plaintiff a letter requesting that she provide an unsealing authorization and enclosed a "Designation of Agent for Access to Sealed Records Pursuant to N.Y.C.P.L. §§ 160.50 and 160.55." Plaintiff refused to provide the requested authorization, however. (June 30, 2017 Def. Ltr. (Dkt. No. 15) at 1)

On June 30, 2017, Defendants moved for an order compelling Plaintiff to sign a release. (Id.) On July 8, 2017, this Court granted Defendants' motion to compel and directed Plaintiff to return an executed copy of the release to defense counsel by July 26, 2017. (July 8, 2017 Order (Dkt. No. 17) at 3) The Court's order informed Plaintiff that she "should be aware that continued refusal to supply the requested release may result in the dismissal of her action." (Id. at 3)

On July 26, 2017, Plaintiff submitted a letter to the Court in which she refused to provide the requested release. (See July 26, 2017 Pltf. Ltr. (Dkt. No. 19) at 3-4) Defendants subsequently requested that, in light of Plaintiff's failure to comply with the July 8, 2017 Order, the Court dismiss Plaintiff's case for failure to prosecute. (July 27, 2017 Def. Ltr. (Dkt. No. 20))

On July 28, 2017, out of an abundance of caution, this Court issued an order extending Plaintiff's deadline to comply with the Court's previous order, and reiterating the Court's warning that a failure to comply would result in the dismissal of Plaintiff's case:

> The Court will allow Plaintiff **one final opportunity** to comply with the Court's July 8, 2017 Order. Plaintiff is directed to execute a "Designation of Agent for Access to Sealed Records Pursuant to N.Y.C.P.L. §§ 160.50 and 160.55" and return the executed document to defense counsel by **August 11, 2017**. Plaintiff is advised that, if she refuses to supply the requested release by that date, her case will be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

(July 28, 2017 Order (Dkt. No. 21) at 2) (emphasis in original)

On September 12, 2017, Defendants informed the Court that, "[t]o date, a month after the deadline to provide the release, [P]laintiff has still not provided an unsealing authorization." (Sept. 12, 2017 Def. Ltr. (Dkt. No. 22) at 2) Defendants ask that Plaintiff's case be dismissed for failure to prosecute. (Id.)

Federal Rule of Civil Procedure 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court

2

order . . . ." Fed. R. Civ. P. 41(b). "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte." Williams v. Wellness Med. Care, P.C., No. 11 Civ. 5566 (KMK), 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) (citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962))). "A district court considering a Rule 41(b) dismissal must weigh five factors":

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." Id. (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

Here, all of these factors weigh in favor of a dismissal without prejudice. "The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). Plaintiff has refused to comply with two court orders directing her to complete an unsealing authorization and, as a result, this matter has been stalled since at least May 2017. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir. 1982) (dismissal may be warranted "after merely a matter of months").

Under the second factor, "[t]he question . . . is whether [Plaintiff] received notice 'that further delays would result in dismissal.'" U.S. ex rel. Drake, 375 F.3d at 255 (quoting

3

Martens, 273 F.3d at 180). Here, the Court twice warned Plaintiff that her failure to execute and return an unsealing authorization would result in the dismissal of her case. (See July 8, 2017 Order (Dkt. No. 17) at 3 (informing Plaintiff that she "should be aware that continued refusal to supply the requested release may result in the dismissal of her action"); July 28, 2017 Order (Dkt. No. 21) at 2 ("Plaintiff is advised that, if she refuses to supply the requested release by that date, her case will be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).")) Accordingly, this factor weighs in favor of dismissal.

The next factor – whether Defendants are "likely to be prejudiced by further delay" – also weighs in favor of dismissal. Defendants cannot properly defend themselves in the instant litigation without access to Plaintiff's sealed arrest records, and Defendants "should not be forced to bear the expense of defending a lawsuit" when Plaintiff refuses to comply with the Court's directives. See Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000). Moreover, "[b]ecause dismissal here is without prejudice, the plaintiff will not be prejudiced by dismissal, and [her] right to a fair chance to be heard will be protected." Laney v. Ramirez, No. 10 CIV. 9063 JGK, 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011).

Finally, the Court finds that lesser sanctions would be ineffective. "[A] district judge should employ the remedy of dismissal 'only when he is sure of the impotence of lesser sanctions.'" LeSane, 239 F.3d at 209. This Court's prior warnings of dismissal have thus far proved futile. This factor therefore weighs in favor of dismissal.

Viewing the record as a whole, and having considered each of the relevant factors, the Court concludes that dismissal for failure to prosecute is an appropriate sanction.

## CONCLUSION

For the reasons stated above, this action is dismissed without prejudice. The Clerk of the Court is directed to send a copy of this order by certified mail to pro se Plaintiff and to close this case.

Dated: New York, New York
October 5, 2017

SO ORDERED.

Paul G. Gardephe
United States District Judge